# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 8715 | **DATE** | 9/4/2003 |
| **CASE TITLE** | U.S.A. ex rel McLaughlin vs. Edwin Bowen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the respondent's motion to dismiss McLaughlin's petition for a writ of habeas corpus [9-1] is granted in part and denied in part. Counts 2 through 13 are hereby dismissed. However, Count 1 survives as a result of the fundamental miscarriage of justice exception. An attorney will be appointed to assist the petitioner with all further aspects of this case.**

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex.<br>rel. PATRICK MCLAUGHLIN,<br><br>Petitioner,<br><br>v.<br><br>EDWIN BOWEN, Warden,<br><br>Respondent. | No. 02 C 8715<br><br>Wayne R. Andersen<br>District Judge |



DOCKETED
SEP 1 5 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of respondent Edwin Bowen to dismiss the petition for a writ of habeas corpus filed by petitioner Patrick McLaughlin. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Petitioner Patrick McLaughlin ("McLaughlin") is currently incarcerated at the Centralia Correctional Center in East Moline, Illinois. In 1996, following a jury trial in the Circuit Court of Cook County, McLaughlin was convicted of first-degree murder and subsequently sentenced to a 40-year term of imprisonment. McLaughlin appealed his conviction and sentence to the Illinois Appellate Court, which affirmed the ruling on April 25, 1997. *People v. McLaughlin*, No. 1-96-2250, Ill. App. Ct. (1st Dist. Apr. 25, 1997). An appeal was not taken to the Illinois Supreme Court.

On October 8, 1998, McLaughlin filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, claiming, among other things, actual innocence and ineffective assistance of counsel. The petition was denied in the state court due to untimeliness. He then

filed a *pro se* petition for post-judgment relief pursuant to 735 ILCS § 5/2-1401. It was also denied based on untimeliness. McLaughlin appealed both decisions and, on August 3, 2001, the Illinois Appellate Court affirmed the judgments of the Circuit Court. *People v. McLaughlin*, Nos. 1-99-3612, 1-00-0117, consolidated, Ill. App. Ct. (1st Dist. Aug. 3, 2001). Responding to the outcome, McLaughlin filed a petition for leave to appeal in the Illinois Supreme Court. On December 5, 2001, the petition was denied.

Almost a year later, on December 2, 2002, McLaughlin filed a writ of habeas corpus in this Court raising thirteen claims. Count 1 asserts a claim of actual innocence; counts 2 through 4 allege ineffective assistance of trial counsel; counts 5 and 6 assert ineffective assistance of appellate counsel; and counts 7 through 13 allege various constitutional violations. On January 31, 2003, respondent countered by filing this motion to dismiss.

## STANDARD OF REVIEW

In his motion to dismiss, respondent argues that McLaughlin's petition for a writ of habeas corpus is time-barred by the one year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The AEDPA states that the statute of limitations period begins at the occurrence of one of four events:

> A) the date on which the judgment becomes final by conclusion of direct review or the expiration of the time for seeking review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date in which the factual predicate of the claim or claims presented could have

been discovered through the exercise due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA also contains a tolling provision that states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection." 28. U.S.C. § 2244(d)(2).

## DISCUSSION

Respondent argues, and we partially agree, that McLaughlin's petition for a writ of habeas corpus should be dismissed because McLaughlin failed to file before the statute of limitations expired. AEDPA requires a state prisoner, seeking habeas corpus relief, to file a petition within one year after the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In Illinois, the judgment of a court of review is final on the day in which the decision is entered. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (citing *PSL Realty Co. v. Granite Inv. Co.*, 86 Ill.2d 291, 304-05, 427 N.E.2d 563 (1981)). Since McLaughlin did not appeal his case to the Illinois Supreme Court, the judgment became final and the statute of limitations began to run on April 25, 1997, when the Illinois Appellate Court affirmed his conviction and sentence. He, however, did not file his petition for a writ of habeas corpus in this Court until December 2, 2002, well after the one year statute of limitations period had expired on April 25, 1998.

As stated earlier, AEDPA allows the statute of limitations to be tolled for the time during which the petitioner was litigating properly filed post-conviction petitions. 28 U.S.C. § 2244(d)(2). However, McLaughlin did not file his first post-conviction petition in the state court until October 8, 1998, almost eighteen months after his conviction became final and the one year statute of limitations began to run. Moreover, even assuming that some of this eighteen months

3

could be tolled for purposes of AEDPA, McLaughlin's petition would still be barred because he allowed even more time to pass before he filed his habeas petition. The post-conviction proceedings were pending until December 5, 2001, when the Illinois Supreme Court denied his petition for leave to appeal. McLaughlin then allowed almost another year to pass before he filed the instant writ of habeas corpus on December 2, 2002. This nearly twelve month span, added to the time between the final judgment and the initial properly filed request for post-conviction relief, place McLaughlin well over the one year statute. Therefore, because the petition for habeas corpus was filed more than twelve months after McLaughlin's conviction became final, counts 2 through 13 of the petition are dismissed pursuant to 28 U.S.C. § 2244(d)(1).

McLaughlin's claim of actual innocence in Court 1, however, requires a different analysis. While Claim 1 also runs afoul of AEDPA's one year statute of limitations, McLaughlin's untimeliness is excused because of the fundamental miscarriage of justice exception. The fundamental miscarriage of justice exception provides federal habeas courts an opportunity to review procedurally defaulted claims, *see Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853 (1993), and can be demonstrated by a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639 (1986). The Supreme Court has clarified this standard by stressing that a petitioner has the duty to prove that, absent a constitutional violation, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851 (1995) (quoting *Carrier*, 477 U.S. at 496).

While the Seventh Circuit has not directly addressed the issue, other courts have held that the fundamental miscarriage of justice doctrine also acts as an exception to AEDPA's statute of

4

limitations. For example, the Eleventh Circuit was confronted with this issue in *Wyzkowski v. Department of Corrections*, 226 F.3d 1213 (2000). There, the court concluded that, even though the statute of limitations had expired, a fundamental miscarriage of justice claim raised possible constitutional ramifications due to the inherent injustice that results from the conviction of an innocent person. *Id* at 1217-18. Thus, the court remanded the matter to the district court to determine whether the petitioner made an adequate showing of innocence. *Id.*; *see also Lucidore v. New York State Div. Of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997). The fundamental miscarriage of justice exception has been addressed in this Court as well. *See Castro v. Schomig*, 2001 WL 864266, at *3 (N.D. Ill. July 31, 2001); *Thomas v. Wellborn*, 2001 WL 1831548, at *3 (N.D. Ill. Dec. 13, 2000). In *Thomas*, the court assumed that such an exception existed, but concluded that the petitioner did not sufficiently demonstrate actual innocence.

Often courts decline to trigger the fundamental miscarriage of justice exception because a petitioner does not provide factual support for the allegation that he is actually innocent. *See, e.g., Caffey v. Briley*, 2003 WL 21149020 (N.D. Ill. May 16, 2003); *Castro*, 2001 WL 864266 at *3. However, this case is different because McLaughlin has credibly alleged that he is actually innocent of the crime for which he was convicted. To demonstrate his innocence, McLaughlin primarily relies upon the affidavit of Kahlil Rowe ("Rowe"). At trial, Rowe, the key witness for the prosecution, testified that he was an eyewitness to the crime and he identified McLaughlin as the shooter. In an affidavit dated February 8, 1999, however, Rowe recanted his testimony and stated that he did not see McLaughlin commit the murder. McLaughlin also cites the affidavits of Chimere Jackson and Leonard Phillips. Both state that, on the night of the shooting, they saw

McLaughlin standing across the street from the origin of the sound of the gunshot.

Accordingly, McLaughlin argues that a fundamental miscarriage of justice will occur if his writ of habeas corpus is denied because he is actually innocent of the crime. The only eyewitness that testified against him at trial has admitted to perjury, and two others have sworn, under oath, to seeing him near the shooting, but on the other side of the street from the sound of the gunshot. We agree with McLaughlin's reasoning and believe that he adequately alleges that it is more likely than not that no reasonable juror would have convicted him. He satisfies the *prima facie* requirements of the fundamental miscarriage of justice exception and, thus, Count 1 will not be dismissed.

To further support his claim of actual innocence, the petitioner is granted leave to file a supplemental brief of no more than fifteen pages by November 7, 2003. The brief should include references to trial transcripts, affidavits and other concrete evidence that will assist this Court to evaluate the merits of the actual innocence claim. The respondent may respond to the filing by December 19, 2003 and the petitioner may file a reply brief by January 30, 2004. To facilitate petitioner's investigation and reply to respondent's brief, the Court shall appoint an attorney to represent the petitioner.

## CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss McLaughlin's petition for a writ of habeas corpus is granted in part and denied in part. Counts 2 through 13 are hereby dismissed. However, Count 1 survives as a result of the fundamental miscarriage of justice exception. An attorney will be appointed to assist the petitioner with all further aspects of this case.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 4, 2003