IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PATRICK MCLAUGHLIN Petitioner, | ) ) ) ) ) ) No. 2 CV 8715 |
| v. | ) ) Wayne R. Andersen ) District Judge |
| EDWIN BOWEN, Warden, Respondent | ) ) ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the amended petition for a writ of habeas corpus filed by Patrick McLaughlin. McLaughlin's amended petition relies primarily upon the affidavit of Kahil Rowe, a witness for the state who swore to a statement that is at odds with his testimony at trial. For the following reasons, the amended petition is denied.

## BACKGROUND

On February 15, 1996 following a jury trial in the Circuit Court of Cook County, Patrick McLaughlin was convicted of the first-degree murder of Jimmie Holmes and subsequently sentenced to a 40-year term of imprisonment. During the trial Kahlil Rowe provided testimony that he saw the gun in McLaughlin's hand and identified him as the shooter during the June 6, 1995 altercation. (Amended Petition, Exhibit A p.D56). During Rowe's cross-examination, however, he admitted to telling both his friends and the police that he did not know who had the gun. (Amended Petition, Exhibit A p.D56 & D90). There was also stipulated testimony during the trial from Damica Hardin that

McLaughlin was across the street when the fight began and that she did not see him with a gun at any time during the incident. (Amended Petition, Exhibit A p.D221- D222). In an affidavit dated February 6, 1998 Kahlil Rowe asserted that he is not sure if the man he saw with the gun was McLaughlin. (Amended Petition, Exhibit H p.4).

On December 2, 2002, McLaughlin filed a writ of habeas corpus in this Court raising thirteen claims. On September 4, 2003 we dismissed twelve of the thirteen claims as untimely pursuant to The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). We, however, did not dismiss the actual innocence claim. This Court noted that a fundamental miscarriage of justice exception provides federal courts an opportunity to review procedurally defaulted claims, *see Herrera v. Collins*, 506 U.S. 390, 400 (1993). The exception can be demonstrated by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Courts have consistently held, however, that actual innocence "instead of comprising a freestanding exception to the AEDPA, must be presented in conjunction with a claim that the habeas statute of limitations should be equitably tolled." *Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005), citing *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). We granted leave for petitioner to file a supplemental brief with concrete evidence to assist the Court in determining if the fundamental justice exception applied. We also appointed a lawyer to assist McLaughlin in preparing the additional information.

In response to our request, McLaughlin filed an amended petition for writ of habeas corpus claiming actual innocence. In support of this claim, McLaughlin filed final trial transcripts and affidavits from Chimere Jackson, Leonard Phillips and Kahlil

2

Rowe. Respondent countered by filing an answer to the amended petition claiming that McLaughlin is not entitled to relief.

## PROCEDURAL HISTORY

McLaughlin initially appealed his conviction and sentence to the Illinois Appellate Court, which affirmed the ruling on April 25, 1997. *People v. McLaughlin*, No. 1-96-2250, Ill. App. Ct. (1st Dist. Apr. 25, 1997). An appeal was not taken to the Illinois Supreme Court. On October 8, 1998, McLaughlin filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, claiming, among other things, actual innocence and ineffective assistance of counsel. The petition was denied on September 9, 1999 in the state court because it was untimely. He then filed a pro se petition for post-judgment relief pursuant to 735 ILCS § 5/2-1401 on October 20, 1999. It was also denied on December 2, 1999 as untimely. McLaughlin appealed both decisions and, on August 3, 2000, the Illinois Appellate Court affirmed the judgments of the Circuit Court. *People v. McLaughlin*, Nos. 1-99-3612, 1-00-0117, consolidated, Ill. App. Ct. (1st Dist. Aug. 3, 2001). Responding to the outcome, McLaughlin filed a petition for leave to appeal in the Illinois Supreme Court. On December 5, 2001, the petition was denied. He then filed his initial habeas petition in federal court, almost a year later on December 2, 2002.

## STANDARD OF REVIEW

AEDPA, 28 U.S.C. § 2254(d) provides that habeas relief may be granted only if the adjudication of the claim by the state court: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

3

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## DISCUSSION

McLaughlin raises two issues; he argues his claims are not defaulted under AEDPA's statute of limitations and that, if they are, his actual innocence claims should nonetheless go forward. We will address those two claims in turn below.

### I. Statute of Limitations

#### A. 28 U.S.C. § 2244(d)(1)

AEDPA requires a state prisoner, seeking habeas corpus relief, to file a petition within one year after the conviction becomes final, or one year after the time the factual predicate of the claims raised could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A) (one year after conviction becomes final); 28 U.S.C. § 2244(d)(1)(D) (one year after factual predicate could have been discovered). In Illinois, the judgment of a court of review is final on the day the decision is entered. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (citing *PSL Realty Co. v. Granite Inv. Co.*, 86 Ill.2d 291, 304-05, 427 N.E.2d 563 (1981)). Since McLaughlin did not appeal his case to the Illinois Supreme Court, the judgment became final and the statute of limitations began to run on April 25, 1997, when the Illinois Appellate Court affirmed his conviction and sentence. McLaughlin filed his first petition for a writ of habeas corpus on December 2, 2002, well after the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) had expired on April 25, 1998.

We look next to the date upon which "the final predicate of the claim or claims presented could have been discovered through due diligence." 28 U.S.C. §

4

2244(d)(1)(D). McLaughlin's actual innocence claim is based on the affidavit of Kahlil Rowe dated February 6, 1998. If we use this as the date the final predicate of the claim was discovered to begin the one year period for the statute of limitations, McLaughlin would have had until February 7, 1999 before the period expired. McLaughlin, however, did not file his initial habeas petition until December 2, 2002.

McLaughlin makes no argument to support the position that the factual predicate could not have been discovered through due diligence in order to meet the statute of limitations. Additionally, he offers this Court no material or evidence that would show some action or inaction on the part of respondent to prevent him from discovering relevant facts. Without allegations to suggest the claim could not have been discovered through due diligence, and with affidavits suggesting McLaughlin had the relevant facts within the limitations period, this Court must assume that the petition could have been filed in a timely basis. Therefore, because the petition was filed more than twelve months after McLaughlin's conviction became final and Rowe's affidavit was sworn out, the petition is dismissed pursuant to 28 U.S.C. § 2241(d)(1).

### B. 28 U.S.C. § 2244(d)(2)

AEDPA also contains a tolling provision that states "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection." 28 U.S.C. § 2244(d)(2). McLaughlin, however, did not file his first post-conviction petition in the state court until October 8, 1998, almost eighteen months after his conviction became final and the one year statute of limitations had began to run. Even if we assume that some of this eighteen month period could be

5

tolled for purposes of AEDPA, McLaughlin's petition is still barred because he allowed even more time to pass before he filed his federal habeas petition. The post-conviction proceedings were pending until December 5, 2001, when the Illinois Supreme Court denied his petition for leave to appeal. McLaughlin then allowed almost another year to pass before he filed his writ of habeas corpus on December 2, 2002. This nearly twelve month period of time, added to the time between the final judgment of April 12, 1997 and the initial properly filed request for post-conviction relief on October 8, 1998 place McLaughlin well over the one year statute limitation of AEDPA. Likewise, if we add the nearly eight months between the date of the February 6, 1998 affidavit giving rise to McLaughlin's innocence claims and the filing of his state court post-conviction petition on October 8,1998, with the nearly twelve months he waited to file the instant habeas petition after the state court proceedings were finalized, he is well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d)(2).

II. **Actual Innocence**

In our earlier opinion we recognized that 28 U.S.C. § 2244(d) of AEDPA does not reference an exception to the limitations period predicated on a petitioner's actual innocence for an initial habeas petition, as it provides in § 2244(b) for successive habeas petitions. We determined, however, that an untimely petition could qualify for federal review under the fundamental miscarriage of justice exception. *See Herrera*, 500 U.S. at 400. We stated the exception could apply if actual innocence was demonstrated by a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The standard used to determine actual innocence is that the "petitioner must show that it is more likely than not that no

6

reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The question of whether applying the limitations period contained in § 2244(d) to a petitioner who is actually innocent would result in a fundamental miscarriage of justice has garnered a significant amount of judicial attention, with the answer varying between the Circuits. *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002) (deciding that actual innocence is relevant to a claim that statute of limitations should be tolled, but the petitioner must still make a showing of reasonable diligence in discovering the facts underlying his claim); *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005) (finding that a defendant who can demonstrate actual innocence should be permitted to argue the merits of the underlying claims). This argument is mostly foreclosed for McLaughlin as the Seventh Circuit recently decided that "[p]risoner's claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action." *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005).

We invited petitioner to respond to this recent case law. However, while petitioner has no effective rejoinder to this binding precedent, that alone does not doom his claim. We can still look to the doctrine of equitable tolling, which combined with an actual innocence claim can justify federal review. A claim of actual innocence can excuse procedural default under AEDPA, but that claim "must be presented in conjunction with a claim that the habeas statute of limitations should be equitably tolled." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). Such tolling is appropriate when extraordinary circumstances outside of the petitioner's control prevent timely filing of the petition. *Gildon*, 384 F.3d at 887.

7

In his amended petition, McLaughlin now argues he qualifies for federal review under the fundamental miscarriage of justice exception. He claims there is insufficient evidence for a reasonable jury to sustain a conviction against him. In support of his claim, McLaughlin has presented three affidavits from Kahlil Rowe, Chimere Jackson and Leonard Phillips. (Exhibits H and I, Amended Petition). After initially being arrested for obstruction of justice for not appearing to testify, Rowe, the key witness for the prosecution, testified that he was an eyewitness to the crime and he identified McLaughlin as the shooter. (Amended Petition, Exhibit A p.D56). In his affidavit dated February 6, 1998, however, Rowe alters his testimony. (Amended Petition, Exhibit H p.4). The two other affidavits come from those who claim they saw McLaughlin standing across the street from the sound of the gunshot. McLaughlin argues that since no witness remains who presented evidence that petitioner actually shot the victim, no reasonable jury would have convicted him in light of this new evidence.

McLaughlin, however, has not established that the fundamental miscarriage of justice exception is applicable to avoid procedural default. In our earlier opinion, this Court clearly stated that McLaughlin needed to demonstrate a "constitutional violation" resulted in his conviction and that he was actually innocent. McLaughlin makes no allegation that a constitutional violation was responsible for his conviction. He only asserts that he is actually innocent, primarily through Rowe's affidavit of February 6, 1998. Moreover, he fails to set forth any basis to toll the limitations period required by AEDPA and Seventh Circuit case law.

In *Herrera*, the Supreme Court stressed that "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of

fact." 506 U.S. at 400. The fundamental miscarriage of justice exception is available only when the prisoner supplements his constitutional claim with a colorable showing of actual innocence. *See id.* at 404. The Seventh Circuit explicitly stated that in this circuit actual innocence is not a freestanding claim for habeas relief. *Arujo v. Chandler*, 2005 WL 3454099 (7th Cir.). Moreover, actual innocence is unrelated to the statutory timeliness rules. *Escamilla v. Jungwirth* 426 F.3d 868, 871 (7th Cir. 2005). Even petitioners claiming to be innocent must meet the timeliness rules established by the statute. *Id.* at 872. In *Balsewicz v. Kingston*, the Seventh Circuit noted that "[n]either the Supreme Court nor this Court has recognized a freestanding actual innocence exception to § 2244(d) that would allow a petitioner to overcome a failure to file a petition in a timely manner." 425 F.3d 1029, 1032 (7th Cir. 2005). Therefore, for McLaughlin to meet the requirements of AEDPA's statute of limitations, or equitably toll them, he would have to put forth a reason for his failure to file the instant action for years despite the existence of the affidavits upon which he now relies. He has failed to do so despite this Court's invitation in its earlier order and its willingness to entertain additional briefs in light of recent binding decisions from the Seventh Circuit.

McLaughlin presents the affidavit of Kahlil Rowe, dated February 6, 1998. As previously discussed, he did not file his habeas petition until December 2, 2002 much longer than a year after the date of the affidavit. In his amended petition, McLaughlin makes no argument that circumstances prevented him from being able to timely file the petition. In fact, the dates on the affidavits McLaughlin submitted show that he could have timely filed his petition. We therefore cannot consider his actual innocence claims under the tolling exception set forth in *Gildon*.

This Court need not evaluate the merits of McLaughlin's actual innocence claim because he failed to make the requisite showing in his Amended Complaint. McLaughlin failed to show that a constitutional violation has resulted in the conviction of someone who is actually innocent to qualify as a fundamental miscarriage of justice exception. Additionally, McLaughlin presents no claim that equitable tolling applies and alleges no constitutional violation to qualify for habeas relief. As such, McLaughlin has failed to meet the requirements we set forth for his amended petition.

McLaughlin may wish to petition the Governor for a pardon, a petition subject to no time limitations.

## CONCLUSION

For the foregoing reasons, petitioner's writ of habeas corpus is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: May 24, 2006